BRUCE L. SIMON (Bar No. 96241)
 bsimon@psswplaw.com
ESTHER L. KLISURA (Bar No. 221171)
 eklisura@psswplaw.com
**PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP**
44 Montgomery Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

PATRICK McNICHOLAS (Bar No. 125868)
 pmc@mcnicholaslaw.com
**McNICHOLAS & McNICHOLAS LLP**
10866 Wilshire Boulevard, Suite 1400
Los Angeles, California 90024
Telephone: (310) 474-1582
Facsimile: (310) 475-7871

STEPHEN M. GARCIA (Bar No. 123338)
 sgarcia@lawgarcia.com
**THE GARCIA LAW FIRM**
One World Trade Center, Suite 1950
Long Beach, California 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

*Settlement Class Counsel and*
*Counsel for Plaintiff Marianna Gergel*

FILED
CLERK, U.S. DISTRICT COURT
JAN 14 2008
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIANNA GERGEL, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY CO., INC.; AMERICA ONLINE, INC.; TIME WARNER INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV-06-2399 GPS (PLAx)<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **FINAL ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT** |

778168.1

The Court, after notice to the Settlement Class, held a hearing on January 14, 2008 for purposes of determining:

1. Whether the proposed settlement of the claims asserted by the Plaintiff on behalf of all others similarly situated in the above-captioned lawsuit (the "Lawsuit"), on the terms set forth in the Class Action Settlement Agreement dated August 24, 2007 (the "Settlement Agreement"), and the exhibits thereto, is fair, reasonable, and adequate and should be finally approved by the Court;

2. Whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing Defendants Best Buy Co. Inc. and America Online, Inc. ("AOL") (collectively, "Defendants") from all Released Claims; and

3. If the settlement is approved, whether the attorneys' fees and expenses to Settlement Class Counsel set forth in their application, as limited by the Settlement Agreement, should be approved.

The Court, having heard all persons properly appearing and requesting to be heard; having considered the papers submitted in support of the proposed settlement and the oral presentations of counsel; having considered all applicable law; and having considered any objections made properly to the proposed settlement; finds that there is no just reason for delay of the entry of this Final Order and Judgment Approving Class Action Settlement. This Final Order and Judgment adopts and incorporates the Settlement Agreement, the terms defined therein, and all exhibits thereto.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court finds that it has personal jurisdiction over all members of the Settlement Class and that it has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

2. The Lawsuit is hereby certified as a class action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only (the Court expressly

1  reserving the right to determine, should the occasion arise, whether the Lawsuit may
2  be certified as a class action for purposes other than settlement, and Defendants
3  retaining all rights to assert that the Lawsuit may not be certified as a class action
4  except for settlement purposes). The Settlement Class is defined as:

> All persons and entities in the United States who were enrolled in paid AOL service plans or accounts through or at Best Buy between March 28, 2003 and October 3, 2007, the date of the Order conditionally certifying the Settlement Class.
>
> Excluded from the Settlement Class are employees of Best Buy, AOL, and their immediate families.

10      3.   The Court gives Final Approval to the settlement as fair, reasonable,
11  and adequate as to each of the Parties, and consistent and in compliance with all
12  requirements of federal and California law, as to, and in the best interest of, each of
13  the Parties and the members of the Settlement Class, and directs the Parties and their
14  counsel to implement and consummate the Settlement Agreement in accordance
15  with its terms and provisions.
16      4.   The Court declares the settlement and the Final Order and Judgment to
17  be binding on, and have *res judicata* and preclusive effect in all pending and future
18  lawsuits or other proceedings encompassed by the Release as set forth in Paragraphs
19  33-34 of the Settlement Agreement maintained by or on behalf of Plaintiff or any
20  other members of the Settlement Class, as well as their heirs, executors and
21  administrators, successors and assigns.
22      5.   The Court finds that the multi-faceted notice program implemented
23  pursuant to the Settlement Agreement (i) constitutes the best practicable notice,
24  (ii) is reasonably calculated, under the circumstances, to apprise members of the
25  Settlement Class of the pendency of the Lawsuit, their right to object or exclude
26  themselves from the proposed settlement and to appear at the Final Approval
27  Hearing, and their right to seek monetary and other relief, (iii) is reasonable and
28  constitutes due, adequate, and sufficient notice to all persons entitled to receive

notice, and (iv) meets all applicable requirements of due process and any other applicable requirements under federal and California law.

6. On October 1, 2007, within ten days after filing of the Settlement Agreement, AOL, on behalf of itself and Best Buy, sent notice of the settlement to the attorneys general of all 50 states and the District of Columbia, as well as to the United States Attorney General and the attorneys general of Puerto Rico, the United States Virgin Islands, and Guam. In addition, after the court issued its preliminary approval Order on October 3, 2007, Defendants provided these state and federal officials with a supplemental notice enclosing that Order. Accordingly, the Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715(b).

7. The Court finds that the Plaintiff and Settlement Class Counsel adequately represented the Settlement Class for the purpose of entering into and implementing the settlement.

8. No objections to the settlement were filed and no objectors appeared at the final approval hearing.

9. The Court requires that all Claims Forms submitted by members of the Settlement Class be returned to the Settlement Administrator, postmarked on or before March 14, 2008, or those Claim Forms shall be deemed untimely and not subject to payment.

10. The action styled *Gergel, et al. v. Best Buy Co., Inc., et al.*, Case No. CV06-2399, including all individual and class claims presented thereby (and the counterclaim by AOL against Marianna Gergel), is hereby DISMISSED on the merits WITH PREJUDICE and without fees or costs except as provided herein.

11. The Court adjudges that Plaintiff and the Settlement Class have fully, finally, and conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims against Defendants Best Buy Co., Inc. and America Online, Inc., and as further provided in Paragraphs 33-34 of the Settlement

Agreement.

12.   The Court approves the payment of attorneys' fees in the amount of $1,382,022.50, reimbursement of litigation expenses in the amount of $36,479.94, and an incentive award to the Named Settlement Class Representative in the amount of $7,500. The attorneys' fees, litigation expenses, and incentive award shall be paid in accordance with the terms of the Settlement Agreement and upon payment to the Settlement Fee Fund, Defendants shall be discharged from any further duty to pay attorneys' fees, costs, expenses, or any other amount not required by the Settlement Agreement. The attorneys' fees, litigation expenses, and incentive award shall be paid to the Settlement Fee Fund no later than thirty (30) calendar days after the Effective Date (as defined in Paragraph 43 of the Settlement Agreement). The Settlement Administrator shall immediately distribute the attorneys' fees, litigation expenses, and incentive award to Settlement Class Counsel as they direct.

13.   Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over the Defendants, the Plaintiff, and members of the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement Agreement and the Final Order and Judgment, and for any other necessary purposes.

14.   Upon the Effective Date, the Plaintiff and all members of the Settlement Class who did not timely and properly exclude themselves from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, are permanently barred from asserting any Released Claims against Defendants or any of their respective agents, affiliates, assigns, and other designees as set forth in Paragraph 33-34 of the Settlement Agreement.

15.   The Court determines that the Settlement Agreement and the settlement provided for herein and any proceedings taken pursuant thereto, are not, and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or

1  written document approved or made by Defendants; provided, however, that
2  reference may be made to the Settlement Agreement and the settlement provided for
3  herein in such proceedings as may be necessary to effectuate the provisions of the
4  Settlement Agreement.

5      16.    The Court bars and enjoins all members of the Settlement Class who
6  have not been excluded from the Settlement Class from: (i) filing, commencing,
7  prosecuting, intervening in, or participating as plaintiff, claimant, or class member
8  in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in
9  any jurisdiction based on, relating to, or arising out of the claims and causes of
10 action, or the facts and circumstances relating thereto, in the Lawsuit and/or the
11 Released Claims, as defined in the Settlement Agreement; (ii) filing, commencing,
12 or prosecuting a lawsuit or administrative, regulatory, arbitration, or other
13 proceeding as a class action on behalf of any members of the Settlement Class who
14 have not timely excluded themselves (including by seeking to amend a pending
15 complaint to include class allegations or seeking class certification in a pending
16 action), based on, relating to, or arising out of the claims and causes of action, or the
17 facts and circumstances relating thereto, in the Lawsuit and/or the Released Claims;
18 and (iii) attempting to effect an opt-out of a class of individuals in any lawsuit or
19 administrative, regulatory, arbitration, or other proceeding based on, relating to, or
20 arising out of the claims and causes of action, or the facts and circumstances relating
21 thereto, in the Lawsuit and/or the Released Claims.

22     17.    The Court approves the Opt-Out List attached hereto as Exhibit A, and
23 determines that the Opt-Out List is a complete list of all Settlement Class members
24 who have timely requested exclusion from the Settlement Class and accordingly,
25 shall neither share in nor be bound by the Final Order and Judgment.

26     18.    The Parties are hereby authorized, without further approval from the
27 Court, to agree to and adopt such amendments, modifications, and expansions of the
28 Settlement Agreement and all exhibits and amendments thereto as (i) are consistent

PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

in all material respects with this Final Order and Judgment, and (ii) do not limit the rights of the Settlement Class members.

19.  In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Settlement Agreement, this Final Order and Judgment, and other terms herein including the certification of the Settlement Class shall be rendered null and void and be vacated.

SO ORDERED.

DATED: January 14, 2008

*[signature]*
Honorable George P. Schiavelli
United States District Court Judge

PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

778168.1

7

[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT